Mr. Justice Gantt
delivered the opinion of the court.
On the last ground taken in the brief, founded on the rule of the civil law, that “ ex nudo pacto non oritur actio,” I have to observe that the consideration on which the present action is founded, takes the case entirely out of the rule. In every case, where the consideration is one of benefit to the defendant, or of benefit to a stranger, or of damage or of loss sustained by the plaintiff, at the request of the defendant, assumpsit may be maintained. Indeed the authorities go so far as to say, that an inconvenience sustained by the plaintiff, however small, may be a sufficient consideration if suffered by the plaintiff, with the *576 consent, either express or implied of the defendant; or iu the language of pleading “ at the special instance and request of the defendant.” (See 1 T. R. 21. 8 T. R. 610.) In this case, therefore, the plaintiff on the promise of the defendant to pay the debt, if he would release his right to the horse under the attachment, gave up a lien which the attachment had created, and in doing so, he most probably relinquished at the same time, all other expectation of securing his debt, but what arose from the promise of defendant. This ground, therefore, cannot be maintained.
Evans, for the motion.
Mclver, contra.
Nor is the 2nd. ground a more tenable one. Where a promise, is made to a landlord who goes to distrain for rent, that if he would desist from making the distress, the promiser would pay the rent in arrear, such a promise has been held not to be within the statute. (2 Wils. 308.)
The analogy between the case put, which is recognized, as law by lord Eldon, in the case of Houlditch vs. Milne, (3 Esp. N. P. C. 86,) and the one under consideration, is certainly very strong. The attachment' gave to the plaintiff priority of claim, quoctdtiw property 'attached. He had a lien upon the horse, in virtue of his attachment, and thid having been relinquished on the promise of the defendant to pay the debt, the statute of frauds cannot apply to the ease.
The motion, therefore, to reverse the decision made on the circuit, is for the reasons given, refused.
Justices Mott, Richardson and Colcock, concurred.